FILED

AUG 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EAST BAY SANCTUARY COVENANT; et al.,<br><br>        Plaintiffs-Appellees,<br><br> v.<br><br>JOSEPH R. BIDEN, President of the United States; et al.,<br><br>        Defendants-Appellants. | No. 23-16032<br><br>D.C. No. 4:18-cv-06810-JST<br>Northern District of California, Oakland<br><br>ORDER |

Before: W. FLETCHER, PAEZ, and VANDYKE, Circuit Judges.

Order by Judges W. FLETCHER and PAEZ; Dissent by Judge VANDYKE.

The motion to stay the district court's July 25, 2023, order and judgment (Docket Entry No. 8) is granted. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (defining standard for stay pending appeal).

We sua sponte expedite the briefing and hearing of this appeal. The opening brief and excerpts of record are due August 24, 2023. The answering brief is due September 14, 2023. The optional reply brief is due within 7 days after service of the answering brief.

The date for argument will be set by separate order.

*East Bay Sanctuary Covenant v. Biden*, No. 23-16032
VanDyke, Circuit Judge, dissenting from the grant of a stay pending appeal:

My colleagues in today's majority grant a stay pending appeal of a district judge's order vacating a recently promulgated immigration rule. Only a few years ago, these same colleagues affirmed the same district judge enjoining the Trump administration's rule restricting asylum eligibility for immigrants who entered the United States outside a designated port of entry (the Port of Entry Rule). *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 668–75, 681 (9th Cir. 2021) ("*East Bay II*"). They did so in a published, precedential opinion, undeterred by a chorus of dissenting colleagues. *Id.* at 687–96 (Bumatay, J., dissenting, joined by five judges), 696–705 (VanDyke, J., dissenting); *see also E. Bay Sanctuary Covenant v. Biden*, 932 F.3d 742, 780–81 (9th Cir. 2018) ("*East Bay I*") (Leavy, J., dissenting). Quickly thereafter, one of my colleagues in today's majority penned another published, precedential decision again affirming a Judge Tigar decision striking the Trump administration's rule restricting asylum eligibility for aliens who passed through another country on the way to the United States without seeking asylum in that country (the Transit Rule). *E. Bay Sanctuary Covenant v. Garland*, 994 F.3d 962, 974–88 (9th Cir. 2021) ("*East Bay III*"). The panel there did so notwithstanding the Supreme Court's earlier decision in that very case staying Judge Tigar's rulings pending appeal, *Barr v. E. Bay Sanctuary Covenant*, 140 S. Ct. 3 (2019), evincing

that the government had made the requisite "strong showing" that it was likely to succeed in its defense of the rule, *Nken v. Holder*, 556 U.S. 418, 426 (2009).

Indeed, one or both of my colleagues in today's majority were directly involved in eliminating at least four different Trump administration immigration rules. *See City & Cnty. of S.F. v. U.S. Citizenship & Immigr. Servs.*, 981 F.3d 742, 754–63 (9th Cir. 2020) (Public Charge Rule); *Innovation Law Lab v. Wolf*, 951 F.3d 986, 987–91 (9th Cir. 2020) (Remain in Mexico Rule); *East Bay II*, 993 F.3d at 668–75 (Port of Entry Rule); *East Bay III*, 994 F.3d at 975–85 (Transit Rule). It's not an exaggeration to say that, whenever the Trump administration sought to make any meaningful adjustment to our nation's immigration rules, the Northern District of California—and ultimately our court—systematically killed each of those changes.

The Biden administration's "Pathways Rule" before us in this appeal is not meaningfully different from the prior administration's rules that were backhanded by my two colleagues. This new rule looks like the Trump administration's Port of Entry Rule and Transit Rule got together, had a baby, and then dolled it up in a stylish modern outfit, complete with a phone app. Relying on this court's rationales in our prior decisions rejecting the Trump administration's rules, Judge Tigar concluded that this new rule is indistinguishable from those rules in any way that matters. He's right. For those who value the rule of law, following precedent, and predictability, one must conclude Judge Tigar had no choice but to vacate the current

administration's Pathways Rule for the reasons that he first provided and my colleagues then established as binding precedent during the Trump administration.

I'd love to join my two colleagues in staying Judge Tigar's ruling. I obviously agree with that result as a matter of first impression. *See East Bay II*, 993 F.3d at 696 (VanDyke, J., dissenting). But unlike my colleagues, I cannot so easily ignore our circuit's binding precedent. And that is particularly true given the demanding standard the government faces in asking us for a stay. Among other hurdles the government must overcome, it must make a "*strong* showing" that, applying our court's caselaw, it "is likely to succeed on the merits." *Id.* at 702 (quoting *Nken*, 556 U.S. at 426 (emphasis added)). That simply is not possible under the sweeping rationales this court applied in our still-steaming cases terminating the Trump administration's immigration rules.

My colleagues, who made all that precedent, should not be able to now just elide it. It's hard to shake the impression that something other than the law is at work here.

Besides the glaring fact that this rule was promulgated under a different administration, there is at least one additional possible reason why my colleagues are granting a stay in this case. Perhaps they see the writing on the wall that, if we don't stay the district court's vacatur, the Supreme Court likely will. I fully agree. Given the legal infirmities in our caselaw that Judge Tigar is bound by our court to

perpetuate, combined with his latest ruling's disruption of the government's immigration system, there is a good chance the Supreme Court would need to step in. But notwithstanding the wrongness of Judge Tigar's vacatur, it is fully consistent with—nay, compelled by—our court's wrong precedent. And we (and Judge Tigar) are unfortunately obligated to follow that precedent—whether we now like it or not—until it is corrected by either our en banc court or the Supreme Court. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (holding that a published opinion may only be overruled by a three-judge panel where the "relevant court of last resort … undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable"). There is no exception to binding circuit precedent for when we realize "that terrible law we made back when it was expedient is so bad the Supreme Court is likely to correct us."

    I wish I could join the majority in granting a stay. It is the right *result*. But that result, right as it may be, isn't permitted by the outcome-oriented mess we've made of our immigration precedent. Our own words should bind us with as much force as Odysseus's ropes did. The rule now before the panel is not so meaningfully distinct from our past rules that it can navigate between the Scylla and Charybdis of our prior decisions striking down the Port of Entry Rule (*East Bay II*) and the Transit Rule (*East Bay III*). This latest rule is made up of materials borrowed from prior

rules we already shipwrecked, and were this panel to stay true to its precedents, they would require our court to similarly tear the Pathways Rule asunder.

Today's inconsistent ruling isn't a win for the rule of law and principled decision-making; it is unfortunately the opposite. I must respectfully dissent.