# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| East Bay Sanctuary Covenant, *et al.*, <br><br> Plaintiffs-Appellees, <br> v. <br><br> Joseph R. Biden, President of the United States, in his official capacity, *et al.*, <br><br> Defendants-Appellants. | No. 23-16032 |

## JOINT MOTION TO PLACE APPEAL IN ABEYANCE

Pursuant to Federal Rule of Appellate Procedure 27, the parties in this appeal respectfully move to hold this appeal in abeyance, with status reports due at 60-day intervals. In support of this motion, the parties state the following:

**1.** This appeal arises from plaintiffs' challenge to a Rule promulgated by the Department of Homeland Security and the Department of Justice. *See Circumvention of Lawful Pathways*, 88 Fed. Reg. 31,314 (May 16, 2023). The district court granted summary judgment in plaintiffs' favor on their claims that the Rule is substantively and procedurally invalid under the Administrative Procedure Act. As a remedy, the court vacated the Rule as applied universally. The government appealed and moved for a stay pending appeal. This Court granted that motion and stayed the district court's vacatur pending resolution of this appeal. Order, Dkt. No. 21 (Aug. 3, 2023).

Since then, the appeal has been fully briefed and the Court held oral argument on November 7, 2023.

**2.** In addition to this suit challenging the Rule, a different suit has been brought by two organizations similarly situated to the plaintiff organizations here as well as eighteen noncitizens. *See M.A. v. Mayorkas*, No. 1:23-cv-1843 (D.D.C.). Plaintiffs in that suit, who are represented by some of the same counsel representing plaintiffs in this suit, raise claims regarding the implementation of the Rule, as well as claims against the Rule similar to the claims raised by plaintiffs here. In that suit, the government has agreed not to remove any of the noncitizen plaintiffs currently present in the United States pending resolution of their claims.

**3.** The parties respectfully request that the Court hold this appeal in abeyance. As explained, there are currently two pending cases raising overlapping claims relating to the Rule and its implementation that have been brought by some similarly situated plaintiffs represented by overlapping counsel. Counsel for plaintiffs and counsel for the government have been engaged in discussions regarding the Rule's implementation and whether a settlement could eliminate the need for further litigation in either case. In both this case and *M.A.*, the status quo has been preserved pending resolution of the claims: this Court has stayed the district court's vacatur of the Rule in this case, while the government has agreed not to remove the individual plaintiffs in *M.A.* In light of that preservation of the status quo, the parties would like to engage in additional discussions without any further litigation developments.

Thus, the parties now move this Court to place this appeal in abeyance, with status reports due at 60-day intervals. The parties are concurrently filing a similar request with the district court in *M.A.*

                                      Respectfully submitted,

                                      BRIAN M. BOYNTON
                                       *Principal Deputy Assistant Attorney General*

| KATRINA EILAND | DANIEL TENNY |
|---|---|
| *s/ Katrina Eiland* | *s/ Sean R. Janda* |
| Katrina Eiland | SEAN R. JANDA |
| ACLU FOUNDATION | BRIAN J. SPRINGER |
| IMMIGRANTS' RIGHTS PROJECT | *Attorneys, Appellate Staff* |
| 425 California Street, 7th Floor | *Civil Division, Room 7260* |
| San Francisco, CA 94104 | *U.S. Department of Justice* |
| T: (415) 343-0770 | *950 Pennsylvania Avenue NW* |
| keiland@aclu.org | *Washington, D.C. 20530* |
| | *(202) 514-3388* |

February 2024

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 439 words, according to the count of Microsoft Word.

*s/ Sean R. Janda*
Sean R. Janda