NO. 23-16032

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

EAST BAY SANCTUARY COVENANT, et al.,
*Plaintiffs-Appellee*,

v.

JOSEPH BIDEN, et al.,
*Defendants-Appellants.*

v.

ALABAMA, et al.,
*Proposed Intervenor-Defendants*

On Appeal from the
United States District Court for Northern District of California,
No. 4:18-cv-06810-JST, Hon. Jon Tigar

**Motion of Hamilton Lincoln Law Institute
to File *Amicus* Brief in Support of Proposed Intervenor-Defendants**

HAMILTON LINCOLN LAW INSTITUTE
Neville S. Hedley
1629 K Street NW, Suite 300
Washington, DC 20006
(312) 342-6008
ned.hedley@hlli.org

Case: 23-16032, 03/21/2024, ID: 12871339, DktEntry: 105-1, Page 2 of 5

As Federal Rule of Appellate Procedure 29 and Ninth Circuit Rule 29-3 permits, the Hamilton Lincoln Law Institute ("HLLI") seeks leave of this Court to file an *amicus* brief in support of the proposed intervenor States of Alabama, Kansas, Georgia, Louisiana and West Virginia's (Intervenor States) motion to intervene.

Rule 29(a) "governs amicus filings during a court's initial consideration of a case on the merits." The rule ordinarily requires an *amicus* brief in support of a party to be filed "no later than 7 days after the principal brief of the party being supported is filed" unless the "court . . . grant[s] leave for later filing." Fed. R. App. P. 29(a)(6).

Here, *amicus* HLLI seeks to file this *amicus* brief in support of the Intervenor States' motion to intervene, rather than in support of a "principal brief," which the Intervenor States have not yet had an opportunity to file. To the extent that timeliness is an issue, HLLI moves for leave to file its *amicus* brief 13 days after the filing of the Intervenor States motion to intervene.

This Court granted the parties' joint motion to hold this appeal in abeyance on February 22, 2024. Fourteen days later, the Intervenor States moved to intervene. HLLI initially learned of this matter ten days ago, and now seeks file an *amicus* brief in support of the Intervenor States. HLLI respectfully requests that this Court grant HLLI's motion and deem the attached *amicus* brief timely filed because it worked diligently to prepare the brief soon after learning of the Intervenor States' motion to intervene and because of the unusual posture of the case.

HLLI conferred with counsel for Plaintiff-Appellees and Defendants-Appellants to gauge their positions on this motion. Plaintiffs-Appellees stated: "Plaintiffs-Appellees oppose the motion given that the late filing will not allow them an

1

opportunity to respond." Defendants-Appellants stated: "The government takes no position on the motion in light of the untimeliness of the proposed amicus brief." The Intervenor States stated that they do not oppose permitting the parties additional time to respond to their motion to intervene or to file a separate response to *amici* filed in support of their motion to intervene.

  HLLI has an interest in this case as a public interest organization dedicated to protecting limited government and separation of powers against regulatory abuse and rent-seeking. and challenging government overreach and regulatory abuse. *See Competitive Enter. Inst. v. FCC*, 970 F.3d 372 (D.C. Cir. 2020) (challenging regulatory action; HLLI was at the time part of CEI). Its proposed amicus brief seeks to provide a unique perspective to the Court on why intervention is necessary to protect against the Defendants' potential overreach of their lawful authority, particularly in light of their litigation tactics over the rule at issue in this case. The proposed amicus brief also emphasizes the underlying importance of the adversarial system of justice, a principle for which HLLI has been a strong advocate, particularly in the context of class action settlements. *See, e.g., McKinney-Drobins v. Oreshack*, 16 F.4th 594 (9th Cir. 2021).

Dated: March 21, 2024          Respectfully submitted,

/s/ *Neville S. Hedley*
Neville S. Hedley
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street NW, Suite 300
Washington, DC 20006
(312) 342-6008
ned.hedley@hlli.org

## Proof of Service

I hereby certify that on March 21, 2024, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Ninth Circuit using the CM/ECF system, which will provide notification of such filing to all who are ECF-registered filers.

*/s/Neville S. Hedley*
Neville S. Hedley